UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------X

JEFFERSON AGUDELO,
On Behalf of himself, FLSA Collective Plaintiffs
And the Class,

                 Plaintiff.

-          against-

E & D, LLC d/b/a THE PRIME GRILL NY, JA
RESTAURANT MANAGEMENT, LLC d/b/a
SOLO, BROADWAY 21 LLC d/b/a Prime Ko
Japanese Steakhouse and JOSEPH ALLAHAM.

             Defendants.
-----------------------------------------------------------------X

Case No. 12 CIV 0960 (HB)

ANSWER AND AFFIRMATIVE DEFENSES

Defendants E & D, LLC, JA RESTAURANT MANAGEMENT, LLC, and BROADWAY

21, LLC, by their attorney Thomas Rubertone, Jr., for their answer to the complaint:

1.     Deny paragraph 1 of the complaint.

2.     Deny paragraph 2 of the complaint.

3.     Deny paragraph 3 of the complaint jurisdiction, except admit that plaintiffs invoke the

       jurisdiction of the court pursuant to the Fair Labor Standards Act.

4.     Deny paragraph 4 of the complaint, except admit that venue is proper in the Southern

       District of New York.

5.     Deny knowledge or information sufficient to form a belief as to paragraph 5 of the

       complaint.

6.     Deny paragraph 6 of the complaint, except admit that E&D LLC is a limited liability

       company organized under the laws of the State of New York.

7.     Admit paragraph 7 of the complaint.

8.     Admit paragraph 8 of the complaint.

9.   Deny paragraph 9 of the complaint, except admit that the restaurants are promoted on http://wwwprimehospitalityny.com.

10.   Deny paragraphs 10.

11.   Admit paragraph 11 of the complaint.

12.   Deny knowledge or information sufficient to form a belief as to paragraph 12 of the complaint.

13.   Deny paragraph 13 of the complaint.

14.   Deny paragraph 14 of the complaint.

15.   Deny paragraph 15 of the complaint.

16.   Deny paragraph 16 of the complaint.

17.   Deny paragraph 17 of the complaint, except admit that the hours assigned and worked, the position held and rates of pay for non-exempt employees of each of the defendants are determinable from each of the defendant's records.

18.   Deny paragraph 18 of the complaint.

19.   Deny paragraph 19 of the complaint.

20.   Deny paragraph 20 of the complaint.

21.   Deny paragraph 21 of the complaint.

22.   Deny paragraph 22 of the complaint.

23.   Deny paragraph 23 of the complaint.

24.   Deny paragraph 24, except admit that plaintiff was employed by JA Restaurant Management, LLC at Solo restaurant and, after separation from employment for a few months was later employed by E&D LLC at The Prime Grill.

25. Deny paragraph 25, except admit plaintiff was paid at a rate of $5.00 per hour plus tips and shift pay when required.

26. Deny paragraph 26, except admit that ADP payroll company made errors in calculating overtime prior to May 2010.

27. Deny paragraph 27 of the complaint.

28. Deny paragraph 28 of the complaint.

29. Paragraph number 29 is omitted from the Complaint.

30. Deny paragraph 30 of the complaint.

31. Deny paragraph 31 of the complaint.

32. Deny paragraph 32 of the complaint.

33. Deny paragraph 33, except admit that Defendants had previously settled a FLSA and NYLL claim for a class comprised of tipped employees employed by E&D LLC at The Prime Grill, and tipped employees employed by JA Restaurant Management LLC at Solo restaurant from August 2003 through and including May 19, 2010.

34. Deny paragraph 34 of the complaint.

35. Deny paragraph 35 of the complaint.

36. Deny paragraph 36 of the complaint.

37. Deny paragraph 37 of the complaint.

38. Deny paragraph 38 of the complaint.

39. Deny paragraph 39 of the complaint.

40. Deny paragraph 40 of the complaint.

41. Deny paragraph 41 of the complaint.

3

42.   Deny knowledge or information sufficient to form a belief about the truth of paragraph 42.

43.   Repeat and reiterate defendants responses to paragraphs "1" through "42" of the complaint, as if set forth more fully herein in response to paragraph 43.

44.   Admit paragraph 44.

45.   Deny paragraph 45, except admit that defendant E&D LLC and defendant JA Restaurant Management, LLC have employed the plaintiff at different times.

46.   Admit paragraph 46.

47.   Deny paragraph 47.

48.   Deny paragraph 48.

49.   Deny paragraph 49.

50.   Deny Paragraph 50.

51.   Deny paragraph 51.

52.   Deny paragraph 52, except admit that the corporate defendants should each be in possession and custody of records showing the numbers of hours and actual compensation paid to their employees.

53.   Deny paragraph 53.

54.   Deny paragraph 54.

55.   Deny paragraph 55.

56.   Deny paragraph 56.

57.   Deny paragraph 57.

58.   Repeat and reiterate defendants responses to paragraphs "1" through "57" of the complaint, as if set forth more fully herein in response to paragraph 58.

59.   Deny knowledge or information sufficient to form a belief as to paragraph 59 of the complaint.

60.   Deny paragraph 60.

61.   Deny paragraph 61.

62.   Deny paragraph 62.

63.   Deny paragraph 63.

64.   Deny paragraph 64.

65.   Deny paragraph 65.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against defendant JA Restaurant Management LLC.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against E & D LLC.

### THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against defendant JA Restaurant Management LLC.

### FOURTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against Broadway 21, LLC.

### FIFTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against defendant Allaham.

### FIFTH AFFIRMATIVE DEFENSE

This Court lack jurisdiction over the subject matter of plaintiffs' state law claims.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Res Judicata.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Collateral Estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by accord and satisfaction and/or payment.

### TENTH AFFIRMATIVE DEFENSE

If any of the actions complained of herein were taken by defendants, they were taken in good faith and with reasonable grounds for believing they were not in violation of the FLSA or state law.

WHEREFORE, defendants by their attorneys, respectfully request judgment dismissing the complaint with costs and attorney's fees.

Dated: New York, New York
     March 6, 2012

            LAW OFFICE OF THOMAS RUBERTONE, JR.
            *Attorneys for Defendants*

By:    Thomas Rubertone, Jr. (TR2193)
        244    Waverly Road
        Scarsdale, New York 10583
        (646) 209-0301

To:    ROBERT L. KRASELNIK, ESQ.
*Attorneys for the Plaintiff*
30 East 39th Street, 2nd Floor
New York, New York 10016
(212) 465-1189