**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFERSON AGUDELO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                                                    Case No.: 12-cv-0960 (HB)

                    Plaintiffs,

          v.

E & D LLC d/b/a THE PRIME GRILL NY, JA
RESTAUARNT MANAGEMENT, LLC d/b/a
SOLO, BROADWAY 21 LLC d/b/a PRIME KO
JAPANESE STEAKHOUSE
and JOSEPH ALLAHAM

                    Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY.................................................................................................... 2

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    I.     STANDARD OF REVIEW ...................................................................................... 4

    II.    DEFENDANTS OPERATE AS A COMMON ENTERPRISE ........................................ 5

    III.   DEFENDANTS' TIP CREDIT ALLOWANCE IS INVALID ......................................... 7

        A.    Plaintiff Did Not Receive Proper Notice Of The Tip Credit Claimed Against His Minimum Wage .............................................................................................. 8

        B.    Plaintiff Was Required To Share Tips With Management And Non-Tipped Employees..................................................................................................... 9

        C.    Wage Statements Provided To Plaintiff Fail To List Tip Credit Allowance ................ 11

        D.    Plaintiff Was Required To Engage More Than Twenty Percent Of His Work Time In Non-Tipped Related Work.................................................................................. 12

    IV.   WHETHER PLAINTIFF WAS PAID THE PROPER OVERTIME RATE AND SPREAD OF HOURS PREMIUM ARE TRIABLE ISSUES OF FACT ............................... 13

    V.    WHETHER PLAINTIFF WAS PAID CALL IN PAY AS REQUIRED BY NYLL IS A TRIABLE ISSUE OF FACT .................................................................................. 14

CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Coughlin*, 64 F. 3d 77 (2d Cir. 1995) ................................................................. 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) 5, 14

*Balderman v. United States Veterans Admin.*, 870 F. 2d 57 (2d Cir. 1989) .................................. 5

*Brennan v. Arnheim & Neely,* 410 U.S. 512, 518 (1973) ................................... 6

*Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986) ........................................... 5

*Conzo v. City of New York*, 667 F. Supp. 2d 279, 283 (S.D.N.Y. 2009) ........................................ 5

*Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir.2003) ................................ 5

*Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 56 (S.D.N.Y.2009) ................................................ 11

*Gillian v. Starjem Restaurant Corp.*, No. 10 Civ. 6056, 2011 WL 4639842 (S.D.N.Y., Oct. 4, 2011) ........................................................................................................................ 12

*Kilgore v. Outback Steakhouse of Fla., Inc.,* 160 F.3d 294, 300 (6th Cir.1998) .......................... 11

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .............................. 5

*Moon v. Kwon,* 248 F.Supp.2d 201, 218 (S.D.N.Y. 2002) ........................................................ 14

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) ...................................................... 11

*Zhao v. Benihana, Inc.,* 01 Civ. 1297(KMW), 2001 WL 845000, at *1-*2 (S.D.N.Y. May 7, 2001) ........................................................................................................................ 11

**Statutes**

29 U.S.C. § 203(m) ...................................................................................................... 11

29 U.S.C. § 203(r) ........................................................................................................ 6

29 U.S.C. § 216(b) ........................................................................................................ 2

29 U.S.C. §§ 201, et seq. ............................................................................................... 1

N.Y.L.L. § 195.1(a) ...................................................................................................... 8

N.Y.L.L. §195.3 ................................................................................................................. 11

N.Y.L.L. § 196–d .............................................................................................................. 11

## Rules

Fed. R. Civ. P. 56 (c) ........................................................................................................ 4

Fed. R. Civ. P. 56(e) ......................................................................................................... 5

## Regulations

N.Y.C.R.R. tit. 12 § 146-2.17 ........................................................................................... 10

N.Y.C.R.R. tit. 12 §146-1.5 .............................................................................................. 14

N.Y.C.R.R. tit. 12, § 146-2.9 ............................................................................................ 12

N.Y.C.R.R. tit.12 § 146-2.14 ............................................................................................ 10

Plaintiff JEFFERSON AGUDELO ("AGUDELO" or "Plaintiff"), respectfully submits this Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

On February 7, 2012, Plaintiff AGUDELO filed this lawsuit against E&D LLC d/b/a THE PRIME GRILL NY, JA RESTAURANT MANAGEMENT, LLC d/b/a SOLO, BROADWAY 21 LLC d/b/a PRIME KO JAPANESE STEAKHOUSE and JOSEPH ALLAHAM (each "Defendant" and collectively "Defendants") seeking unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law, as amended ("NYLL"). Plaintiff brought the FLSA claim on behalf of himself and other non-exempt employees employed by Defendants, i.e. all non-exempt employees including all tipped employees, runners, busboys, delivery people, food preparers, porters, stock persons and hostesses within the last three years ("Covered Employees"). The Complaint alleges that Defendants failed to pay Covered Employees (1) the proper overtime premium under the FLSA and NYLL; (2) the proper minimum wage under the FLSA and NYLL; (3) tips improperly withheld by Defendants from tipped employees and shared with non-tipped employees in violation of the FLSA and NYLL; (4) the spread of hours premium required by the NYLL on workdays that exceeded ten (10) hours; (5) unpaid call-in pay under the New York law; (6) statutory penalties; (7) liquidated damages under both the FLSA and NYLL; and (8) attorneys' fees and costs.

Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment as issues of material fact exist as to: (i) whether E&D LLC d/b/a The Prime Grill, JA RESTAURANT MANAGEMENT, LLC d/b/a Solo and BROADWAY 21 LLC d/b/a Prime Ko Japanese Steakhouse operate as a common enterprise; (ii) whether Defendants were entitled to

1

take tip credit allowance under the FLSA and NYLL; (iii) whether Plaintiff was paid the proper overtime rate and spread of hours premium; and (vi) whether Plaintiff was paid call in pay as required by the NYLL.

## PROCEDURAL HISTORY

On June 6, 2012 Plaintiff filed a Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification").   Defendants served their Opposition to Plaintiff's Motion on July 16, 2012, a month after the deadline, which was June 20, 2012.  Along with their Opposition, Defendants filed the instant Motion for Summary Judgment on July 16, 2012.  Although Defendants missed their deadline to oppose Plaintiff's Motion for Conditional Certification, the Court permitted Defendants' late-filed Opposition, permitted Defendants' filing of their Motion for Summary Judgment, and set the deadlines for both fully briefed motions.

It should be noted that, rather than respond separately to the Plaintiff's Motion for Conditional Certification, Defendants have filed a "combined" Memorandum of Law in both Opposition to Plaintiff's Motion for Conditional Certification, and in Support of Motion for Summary Judgment.  However, due to the separate legal issues underlying each of the Motion for Conditional Certification and Motion for Summary Judgment, the instant Plaintiff's Opposition relates only to the Defendants' Motion for Summary Judgment.  Plaintiff's Reply in Support of Plaintiff's Motion for Conditional Certification has been filed separately on August 8, 2012.

## STATEMENT OF FACTS

In or about January 2005 to January 2011, Plaintiff JEFFERSON AGUDELO, was employed by Defendants to work as a runner and busboy for Defendants at their "SOLO"

2

restaurant located at 550 Madison Avenue, New York, NY 10022.  During Plaintiff AGUDELO's employment for Defendants at SOLO, he was transferred to work at Prime KO Japanese Steakhouse as a runner and busboy training other employees.  He worked at Prime KO Japanese Steakhouse during the first two weeks when it opened for business, believed to be approximately in or about August of 2010.  From May 2011 to August 2011, Plaintiff AGUDELO was employed by Defendants to work as a busboy at "The Prime Grill" restaurant located at 60 East 49 Street, New York, New York 10017.  At all times during Plaintiff's employment for Defendants at the various restaurants owned and operated by them, he was a tipped employee. Defendants do not refute that Plaintiff AGUDELO worked for both SOLO and the Prime Grill.  However, Defendants contend that AGUDELO could have never worked for Prime KO because Prime KO has no records of AGUDELO.  See Defendants' Memorandum of Law In Opposition To Motion For Conditional Certification And In Support Of Motion For Summary Judgment (hereinafter, "Dfs' MOL") at p. 3.[1]

During Plaintiff AGUDELO's employment at SOLO, he typically worked five days per week for four hours each day.  He was paid an hourly rate of $5.00 per hour.  During Plaintiff AGUDELO's employment at The Prime Grill, he typically worked five days per week for eight hours each day.  He was also paid an hourly rate of $5.00 per hour.  Despite his regular schedule at SOLO and the Prime Grill, on many occasions, he would work in excess of 10 hours per day or 40 hours per week. During Plaintiff AGUDELO's employment at Prime KO Japanese Steakhouse, he typically worked five days per week for 4 or 5 hours each day.  He was also paid an hourly rate of $5.00 per hour.

---

[1] Although Defendants' memorandum is missing page numbers, Plaintiff refers to pages for the Court's reference.

Although Plaintiff AGUDELO was being paid below minimum wage as a tipped employee, Plaintiff AGUDELO did not receive any notice that Defendants were taking a tip credit allowance.  Defendants contend that they provided notice to Plaintiff. However, such notice fails to meet the requirements set forth in New York Labor Law. Moreover, the pay stubs Plaintiff received did not list the amount of tip credit allowance taken by Defendants for the relevant pay period, as required under the New York Labor Law.

Plaintiff AGUDELO was also required to engage more than 20% of his working time in non-tipped related activities. Plaintiff and other tipped employees were also required to pool their tip income and share it with management and other non-tipped employees. Defendants also took an invalid meal credit because Plaintiff was never notified of a meal credit and Defendants did not satisfy the requisite requirements for taking a valid meal credit. Plaintiff also claims that Defendants failed to provide proper wage statements and wage and hour notices in violation of the New York State Wage Theft Prevention Act, effective as of April 2011.

Because of the factual contentions underlying Plaintiff's numerous claims, Defendants' Motion for Summary Judgment is improper. Facts further in dispute are stated in Plaintiff's Response to Defendants' Local Rule 56.1 Statement.

**ARGUMENT**

**I.    STANDARD OF REVIEW**

Fed. R. Civ. P. 56 (c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden is initially on the moving party to demonstrate that there is no genuine dispute respecting any material fact and that it is entitled to

4

judgment as a matter of law. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986). Thereafter, to successfully oppose a motion for summary judgment, the responding party "must set forth facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Allen v. Coughlin*, 64 F. 3d 77, 79 (2d Cir. 1995) (stating that the Court should "view the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor"). Whether any disputed issue of fact exists is for the Court to determine. See *Balderman v. United States Veterans Admin.*, 870 F. 2d 57, 60 (2d Cir. 1989). A genuine issue of material fact exists when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a genuine issue of fact exists, the court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.,* 352 F.3d 775, 780 (2d Cir.2003) (citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505); *Conzo v. City of New York*, 667 F. Supp. 2d 279, 283 (S.D.N.Y. 2009).

## II.    DEFENDANTS OPERATE AS A COMMON ENTERPRISE

Defendants argue throughout their Memorandum of Law in Opposition to Motion for Conditional Certification and in Support of Motion for Summary Judgment that there is no factual nexus relating to wage and hours claims that binds employees of BROADWAY 21 LLC, to employees of E&D LLC or JA RESTAURANT MANAGEMENT LLC. See Dfs' MOL, at p. 4. While this argument goes primarily to Defendants' opposition to Plaintiff's Motion for

Conditional Certification, it shows that whether Defendants E&D LLC, JA RESTAURANT MANAGEMENT, LLC and BROADWAY 21 LLC operate as a common enterprise is a genuine issue of fact to be tried, thus necessitating the denial of summary judgment.

The FLSA provides, in relevant part, that the term, "[e]nterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all activities whether performed in one or more establishments...." 29 U.S.C. § 203(r). The three elements to be satisfied are: (1) related activities, (2) common control, and (3) common business purpose. *See Brennan v. Arnheim & Neely,* 410 U.S. 512, 518 (1973) . Defendants satisfy all three elements.

As alleged in the Complaint, the corporate defendants and the individual defendant, JOSEPH ALLAHAM, act in partnership with each other to operate and manage The Prime Grill, Prime KO Japanese Steakhouse, and Solo restaurants[2], all of which serve high-end Kosher food. The Prime Grill, Prime KO Japanese Steakhouse and Solo restaurants all operate as a common enterprise by Defendants, and are all advertised on http://www.primehospitalityny.com as restaurants operated by The Prime Hospitality Group, see **EXHIBIT A**, which, "defines the Kosher experience".  In particular, each of the three restaurants utilize the same Event Director, Meital Bunker, are owned and operated by JOSEPH ALLAHAM, and use both staff (including Plaintiff) and gift cards interchangeably among the three. See **EXHIBIT A**.  The three restaurants (together with a fourth bakery, Prime Butcher Baker opened in February 2012), are marketed, publicized and promoted together, as being owned and/or operated by Prime

---

[2]    Upon information, the Defendants have, since the commencement of this action, opened up a fourth location, "Prime Butcher Baker" a kosher gourmet food shop located at 1572 Second Avenue, in February, 2012. See **EXHIBIT B**, a copy of Prime Butcher Baker's website.

Hospitality Group, and the owner of Prime Hospitality Group, JOSEPH ALLAHAM. See **EXHIBIT A**.

Further, JOSEPH ALLAHAM uses the three corporate entities interchangeably. For example, despite the fact that Prime Ko Japanese Steakhouse is owned by the corporate entity BROADWAY 21, LLC, the U.S. Registered Trademark for "PRIME GRILL KO" (Registration No. 3,966,528) was applied for, and is owned by E & D LLC (the corporate entity that owns The Prime Grill), not BROADWAY 21, LLC. See **EXHIBIT C**, copy of the United States Patent and Trademark Office's trademark registration information sheet for Prime Grill Ko. Furthermore, as shown in the newsletter distributed on behalf of each of the Restaurants by Prime Hospitality Group, all three Restaurants are jointly marketed and customers can only respond to such newsletter to Prime Hospitality Group, not to each restaurant individually. See **EXHIBIT D**, a copy of an email newsletter sent to customers who sign up for such newsletter at www.primehospitalityny.com.

Although there is considerable evidence that the three corporate defendants operate the three restaurants as a common enterprise, to the extent that there is any dispute as to this issue, such is a material factual issue that may not be resolved on summary judgment, thus necessitating the denial of the Defendants' motion.

## III.    DEFENDANTS' TIP CREDIT ALLOWANCE IS INVALID

Defendants allege that there is no genuine issue of fact to be tried as to whether Plaintiff was paid in compliance with wage and hour laws. Specifically, Defendants state that Defendants are in compliance because Plaintiff received a "notice" of tip credit, as indicated by his signature on Defendant's Memorandum of Law, Exhibit H. See Dfs' MOL, at p. 10. Furthermore, Defendants allege that no manager or maitre d' participated in the tip pool. *Id.* at p. 14. However,

7

there are issues of fact as to whether such Notice given to Plaintiff was in compliance with the New York Labor Law and whether managers shared in the tip pool of tipped employees. Moreover, Defendants remain silent as to Plaintiff's argument that Defendants' tip credit allowance remains invalid under the New York Labor Law because Plaintiff's wage statements fail to indicate the amount of tip credit allowance taken and Plaintiff was required to work more than 20% of his work time in non-tip related activities.

**A. Plaintiff Did Not Receive Proper Notice Of The Tip Credit Claimed Against His Minimum Wage**

Under the New York Labor Law, Section 195.1(a), an employer is required to provide a notice "at the time of hiring, and on or before February first of each subsequent year" to his or her employees. N.Y.L.L. § 195.1(a). The Notice must contain, among others, (i) the rate or rates of pay; (ii) allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; (iii) the regular pay day designated by the employer; (iv) the name of the employer; (v) any "doing business as" names used by the employer; (vi) the physical address of the employer's main office or principal place of business; and (vii) the telephone number of the employer. *Id.* "Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, **in English and in the primary language of the employee**, of receipt of this notice…" *Id.*

Defendants' Exhibit H entitled "Notice of Pay Rates and Pay Day" is a one page incomplete document, which was provided to Plaintiff AGUDELO **in English only**. The notice is missing (i) the designated pay day; (ii) the "doing business as" name of the employer; (iii) the physical address of the employer's main office and (iv) the telephone number of the employer. Such notice is also deficient as a tip credit notice because Plaintiff AGUDELO's primary language is Spanish and Defendants were required to provide a notice to Plaintiff in Plaintiff's

8

primary language. AGUDELO only speaks minimal English, and does not fully understand nor read English.

Defendants' allegation that Plaintiff's Declaration is "false" regarding notice of tip credit is a mischaracterization.  As Plaintiff does not read English, he could not and did not understand the notice he was asked to sign.  As supported by his Declaration, he did not know that such document was a notice purporting to explain the tip credit.  Therefore, the purported notice is defective and not in compliance with the NYLL, and Plaintiff's statement that he never received any such notice is supported by his lack of understanding of the defective notice he received.

Paragraph 14 of the Menegis Declaration and Paragraph 25 of Defendants' Rule 56.1 statement also demonstrate shortfalls in payment of overtime to tipped employees. Defendants calculated the overtime rate, before application of any tip credit allowance, to be $10.81, when the proper overtime rate should have been $10.875 ($7.25 x 1.5). Defendants' Exhibit H also demonstrates deficient notice because it is inaccurate. While it purports to take a $2.25 per hour tip credit, the overtime rate noticed is $8.65, not $8.625 (the current rate).

Moreover, Defendants' allegation that employees "had to be aware of the tip pool and credit due to the *Manfredi* case and their receipt of settlement money" makes assumptions, including but not limited to, that all employees read and understood such legal documents and concepts.  Further, the fact that there was a settlement in *Manfredi* which included tip credit claims, is not dispositive of whether employees received proper notice of tip credit and/or Defendants' new wage and hour policies, following the *Manfredi* settlement.

**B. Plaintiff Was Required To Share Tips With Management And Non-Tipped Employees**

Plaintiff and other tipped employees were required to pool their tip income with management and other non-tipped employees. Defendants refute this claim by providing a list of

tip sheets (of which the time periods are sporadic) and alleging that no maitre d' or manager's name appears on the sheets. See Dfs' MOL at p. 8.

Such tip sheets are not dispositive of whether Defendants required employees to engage in an invalid tip pool. Under the New York State Law, an employer may require tipped employees to pool their tips only if they are food service workers and their duties are to "perform, or assist in performing, personal service to patrons at a level that is a principal and regular part of their duties." See N.Y.C.R.R. tit. 12 § 146-2.14, 2.16. Furthermore, employers who operate a tip pooling system must maintain records which include "(1) a daily log of the tips collected by each employee on each shift;  (2) a list of occupations that the employer deems eligible to receive tips through a tip sharing or tip pool system; (3) the shares of tips that each occupation is scheduled to receive from tip sharing or tip pooling; and (4) the amount of tips that each employee receives from the tips share or tip pool, by date." See N.Y.C.R.R. tit. 12 § 146-2.17.

The tip sheets of Prime Grill and Solo (attached as Exhibit F and Exhibit G to Dfs' MOL) can not refute Plaintiff's allegation that managers shared in the tip pool because the sheets only list the tips earned by the tipped employees, not how the tips were distributed amongst the employees. Moreover, Defendants failed the record keeping requirement in order to operate a tip pooling system. The tip sheets of Prime Grill (Dfs' MOL, Exhibit F) fail to indicate the shares of tips that each occupation is scheduled to receive from tip pooling and the amount of tips that each employee is to receive from the tip pool. Similarly, the tip sheets of Solo (Dfs' MOL, Exhibit G) fail to indicate the occupations of the employees, the share of tips that each occupation is scheduled to receive from tip pooling and the amount of tips that each employee is to receive from the tip pool.

Under the FLSA and the NYLL, the inclusion of an employer or a manager in a tip pool will invalidate the tip credit applied to employees' wages. See N.Y.LL. § 196–d; see also *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 56 (S.D.N.Y.2009) ("If the tip pool includes employees who do not customarily and regularly receive tips, the employer must pay them the full minimum wage."); *Zhao v. Benihana, Inc.,* 01 Civ. 1297(KMW), 2001 WL 845000, at *1-*2 (S.D.N.Y. May 7, 2001) (holding, in a dispute regarding notice to potential class members, that plaintiff had sufficiently alleged a violation of 29 U.S.C. § 203(m), where plaintiff alleged that she was required to share her tips with "kitchen helpers"); *Kilgore v. Outback Steakhouse of Fla., Inc.,* 160 F.3d 294, 300 (6th Cir.1998) (noting that 29 U.S.C. § 203(m) "only permits tip pooling among employees who customarily and regularly receive tips" (citation and internal quotation marks omitted)). Defendants' invalid tip pooling practices invalidate Defendants' tip credit allowance. Thus, Plaintiff is owed unpaid minimum wage.

There is no doubt that Defendants failed to prove there is no genuine dispute whether Defendants' tip pooling practices was legal. The tip sheets Defendants provide simply list the amount of tips pooled, not how they were distributed. Moreover, Defendants' record keeping failure itself invalidates their tip pooling system, rendering Defendants' tip credit allowance invalid.

## C. Wage Statements Provided To Plaintiff Fail To List Tip Credit Allowance

In addition to the notice requirement, an employer must provide wage statements that list tip credit allowance claimed as part of the minimum wage with every payment of wages. See N.Y.L.L. §195.3; see also *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-310 (E.D.N.Y. 2009) (holding that defendants were not entitled to take tip credit allowance because defendants failed

11

to furnish each employee a wage statement listing allowances claimed as part of the minimum wage.)

Plaintiff's wage statement shows no line item for tip credit allowance claimed as part of the minimum wage. See **EXHIBIT E**. Plaintiff declares that all other non-exempt employees of Defendants received the same or similar wage statements as he did. See **EXHIBIT F**, Declaration of Jefferson Agudelo (hereinafter, "Agudelo Decl."), para. 11. Even after the *Manfredi* settlement, Defendants willfully failed to be in compliance with the law because they failed to follow the requirements to take tip credit allowance. Therefore, material issues of fact exists as to whether Defendants were entitled to take tip credit allowance, necessitating the denial of Defendants' motion.

**D. Plaintiff Was Required To Engage More Than Twenty Percent Of His Work Time In Non-Tipped Related Work**

Under the New York Labor Law, when a tipped employee engages in more than twenty percent (20%) of his or her shift in non-tip related work, the employee shall be subject to no tip credit for that day. See N.Y.C.R.R. tit. 12, § 146-2.9. See also *Gillian v. Starjem Restaurant Corp.*, No. 10 Civ. 6056, 2011 WL 4639842 (S.D.N.Y., Oct. 4, 2011) (denying defendants' summary judgment motion stating that a reasonable jury could conclude that plaintiffs spend more than twenty percent of their shifts working in non-tipped positions.)

Plaintiff sufficiently alleges that he and other tipped employees were required to engage more than 20% of their working time in non-tipped related activities. See Plaintiff's Complaint, para 28. Plaintiff reinstates such facts in his declaration. See **EXHIBIT F**, Agudelo Decl., para 13. As in *Gillian v. Starjem Restaurant Corp.*, the Court should deny Defendants' summary judgment motion as there is a material issue of fact as to whether Defendants should have paid

Plaintiff and tipped employees minimum wage when they engaged in non-tipped related activities.

**IV.     WHETHER PLAINTIFF WAS PAID THE PROPER OVERTIME RATE AND SPREAD OF HOURS PREMIUM ARE TRIABLE ISSUES OF FACT**

Defendants allege that there is no genuine issue of fact to be tried because Defendants' payroll records support that Defendants did not commit any violations. However, whether Plaintiff was paid proper overtime rate and spread of hours premium are outstanding issues of fact.

First, Plaintiff's pay stubs specifically state "OVERTIME" with a pay rate of 1.5 times his hourly rate. For example, Plaintiff's hourly rate for his pay period from January 15, 2011 to January 21, 2011 was $5.12 and his overtime rate was calculated as $7.68 ($5.12 x 1.5). See **EXHIBIT E**. Similarly, when Plaintiff's hourly rate changed to $5.00, as Plaintiff's Pay stub shows for period July 23, 2011 to July 29, 2011, his overtime rate changed to $7.50 ($5.00 x 1.5). See **EXHIBIT E**. Defendants contend that such overtime pay, at a rate of $7.68 and $7.50, were actually his spread of hours premium. However, it is questionable as to why a spread of hours premium rate would change in accordance to a change of the employee's hourly rate. Moreover, a reasonable person could not read or comprehend "OVERTIME" listed on an employee's pay stub as a spread of hours pay. Therefore, there is a material issue of fact as to whether Defendants paid Plaintiff and other employees proper overtime and spread of hours premium as required under the NYLL.

Second, Defendants' records show inconsistencies. The pay stub provided to Plaintiff AGUDELO in the pay period of August 6, 2011 to August 12, 2011 is different from the pay stub provided to Plaintiff's counsel from Defendants' counsel for the same pay period. *Compare* **EXHIBIT G** and **EXHIBIT H** YTD numbers. Moreover, the Year To Date deductions of tips

13

state an impossible number. $220.00 divided by the tip credit allowance, either it be $2.25 or $2.13, does not come out to an even number ($220 / $2.25 = 97.7777 and $220 / $2.13 = 103.28638). See **EXHIBIT G**.   An employer's failure to keep proper records should not be a basis to penalize employees who are seeking recovery for overdue wages. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187 (1946); See also *Moon v. Kwon,* 248 F.Supp.2d 201, 218 (S.D.N.Y. 2002) ("There are substantive obligations that are fundamental underpinnings of [the statutes] and critical to ensuring thei[r]…effectiveness, for an employer's [f]ailure to keep accurate records can obscure a multitude of wage and overtime violations.") (internal citations omitted).

Furthermore, Defendants' wage statements fail to satisfy the requirements of the Wage Theft Prevention Act, effective as of 2011. To the extent that Defendants' claims are correct that the spread of hours payments were incorrectly labeled as overtime hours, such wage statements are deficient and in violation of the New York Labor Law, resulting in statutory damages for Plaintiff.

For the reasons stated above, the payroll records provided by Defendants contain many inconsistencies and as such, summary judgment cannot be rendered based upon same.

## V.     WHETHER PLAINTIFF WAS PAID CALL IN PAY AS REQUIRED BY NYLL IS A TRIABLE ISSUE OF FACT

Defendants do not address the issue of whether Plaintiff was paid call in pay as required by NYLL, other than to state that the Plaintiff's allegation does not contain supporting facts.

Under the New York State Law, "an employee who by request or permission of the employer reports for duty on any day, whether or not assigned to actual work, shall be paid at the applicable wage rate for at least three hours for one shift, or the number of hours in the regularly scheduled shift, whichever is less…." See N.Y.C.R.R. tit. 12 §146-1.5.

14

Contrary to the Defendants' conclusory statement, Plaintiff clearly alleges in the Complaint that Defendants never paid call-in pay to their tipped employees, and, if business was slow or if the restaurants were over-staffed for shifts, tipped employees were sent home. See Plaintiff's Complaint, at para. 31. Plaintiff reiterated such fact in his Declaration, stating "if business was slow or the restaurants were over-staffed for shifts, I would be sent home, without any call-in pay…" See **EXHIBIT F**, Agudelo Decl., at para. 15.

When construing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences against Defendants, the Court should deny Defendants' summary judgment on the issue of call-in pay.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to deny the Defendants' motion for summary judgment in its entirety.

Dated:  New York, NY
        August 22, 2012

                      Respectfully submitted,

                      LEE LITIGATION GROUP, PLLC
                      C.K. Lee (CL 4086)
                      30 East 39th Street, Second Floor
                      New York, NY 10016
                      Tel.: 212-465-1188
                      Fax: 212-465-1181
                      *Attorneys for Plaintiff*

              By:       */s/ C.K. Lee*

15