UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
JEFFERSON AGUDELO, on behalf of himself,   :
FLSA collective plaintiffs, and the class, :
                                           :
                Plaintiff,                 :
                                           :           12 CV 0960 (HB)
   - against -                             :
                                           :           OPINION & ORDER
E & D LLC d/b/a The Prime Grill NY,        :
JA RESTAURANT MANAGEMENT, LLC              :
d/b/a Solo, BROADWAY 21 LLC d/b/a Prime    :
Ko Japanese Steakhouse, and JOSEPH         :
ALLAHAM,                                   :
                                           :
                Defendants.                :
-----------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

     Before the Court is plaintiff Jefferson Agudelo's motion for conditional certification and court-authorized notice to potential collective members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons set forth below, the motion is GRANTED.

## Background

     Agudelo brings this suit against JA Restaurant Management, LLC d/b/a Solo ("Solo"); E&D LLC d/b/a The Prime Grill NY ("The Prime Grill"), Broadway 21, LLC d/b/a Prime Ko Japanese Steakhouse ("Prime Ko"), and Joseph Allaham (collectively, "Defendants") for alleged violations of federal and state labor law. Agudelo states that Defendants violated the compensation provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, when they acted in concert and (1) "fail[ed] to pay . . . overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA" and (2) "failed to pay the minimum wage in the lawful amount of hours worked". Am. Compl. ¶¶ 48, 50. Specifically, Defendants "failed to properly provide notice to all tipped employees that Defendants were taking a tip credit and . . . illegally retained portions of tips with non-tipped employees." *Id*. ¶ 51. Agudelo alleges that Defendants' use of a tip credit was in violation of the FLSA. *Id.* Agudelo brings his claim "on behalf of all non-exempt persons employed by Defendants in any tipped position," and seeks conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) for any employee

1

of Solo, The Prime Grill, or Prime Ko within three years of the filing date of Agudelo's complaint. *Id.* ¶ 13. Agudelo "claim[s] liability for the full statutory period allowable under law with respect to employees" of Prime Ko, *id.* ¶ 32, and "liability only for the period after May 19, 2010 with respect to employees The Prime Grill and Solo", *id.* ¶ 33. Agudelo seeks, inter alia, actual and liquidated damages for unpaid overtime, unpaid minimum wages, unpaid tips, and reasonable attorneys' fees. *Id.* Ad Damnum Clause c–d, f–i.

Agudelo alleges that he worked as an employee of the Defendants between January 2005 and August 2011. *Id.* ¶ 24. Agudelo worked in a tipped position as either a runner (the employee who delivers the food to the table) or a busboy at each restaurant. *Id.* Agudelo worked for Solo between January 2005 and January 2011. *Id.* During his time there, Agudelo alleges he was transferred to Prime Ko for a period of two weeks in 2010. *Id.* Agudelo later worked at The Prime Grill between May 2011 and August 2011. *Id.* Agudelo alleges that Defendants miscalculated overtime wages and paid 1.5 times the net (after tip credit) hourly wage instead of paying an amount that deducted the tip credit from 1.5 times the minimum wage.[1] *Id.* ¶ 26. As noted above, Agudelo also alleges that, because Defendants failed to inform Agudelo of the tip credit and condoned the practice of including non-tipped employees in tip pools, Defendants' application of the tip credit was illegal and resulted in the payment of a subminimum wage. *Id.* ¶¶ 27–28.

**Analysis**

**I.      Legal Standard for Collective Action Certification**

The FLSA allows for actions to be pursued "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent . . . ," *id.*, however, so the process of collective action certification is "more like permissive joinder," in that "only potential plaintiffs who 'opt in' may be bound by or benefit from the judgment in an FLSA collective action." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 (S.D.N.Y. 2006).

---

[1] For example, assume the standard hourly wage is $10 and the tip credit is $2, resulting in a regular-time hourly wage of $8. The correct overtime wage, according to the FLSA, is ($10 * 1.5 * overtime hrs) – ($2 * overtime hrs). *See* U.S. Dept of Labor Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (2011), *available at* http://www.dol.gov/whd/regs/compliance/whdfs15.pdf . If an employee works 10 overtime hours, her total overtime pay should be ($150 – $20) = $130. Using this example, Agudelo alleges that Defendants would have paid $120, or ($8 [the after tip credit hourly wage] * 1.5 * 10 [overtime hrs]), a difference of $10.

The FLSA standard for collective action certification is more liberal than the class action certification pursuant to Federal Rule of Civil Procedure ("FRCP") 23. FLSA collective action certification "requires no showing of numerosity, typicality, commonality, or representativeness." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007). The "similarly situated" standard for certifying a collective action is thus considerably more liberal than class certification under Rule 23. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007).

The Second Circuit adheres to a "two-step method" to determine whether to grant certification for an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). "The first step is the notice stage in which the court determines, based on plaintiffs' pleadings and affidavits, whether the plaintiffs and potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." *Lynch*, 491 F. Supp. 2d at 368. Plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The plaintiff need not show that all proposed collective action members held identical jobs or were subject to identical treatment; rather, certification is appropriate 'where all putative class members are employees of the same [ ] enterprise and allege the same types of FLSA violations.'" *Guan Ming Lin v. Benihana Nat'l. Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 322 (S.D.N.Y. 2007)) (alterations in original). If the plaintiffs' showing demonstrates a commonality, the court will "conditionally certif[y] the collective action" and allow the plaintiff to proceed with disseminating the "court-approved notice to potential members." *Lynch*, 491 F. Supp. 2d at 368 (citing *La Belle Farm*, 239 F.R.D. at 367). After notice is complete, "the action proceeds as a collective action throughout the discovery process." *Id.* (citing *Lee*, 236 F.R.D. at 197). The assessment of whether or not the collective class is indeed similarly situated does not occur until after discovery. *Lee*, 236 F.R.D. at 197. "The action may be 'de-certified' if the record reveals that they are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

**II.     Agudelo's argument in support of Conditional Collective Action Certification**

Agudelo asserts that Defendants "act in partnership with each other to operate and manage" the restaurants. Am. Compl. ¶ 9. The restaurants are members of the Prime Hospitality Group ("PHG"), a group that, at a minimum, provides online advertising for the restaurants through a common website. *Id.* Agudelo asserts that the PHG is more than a mere promotional vehicle for the restaurants and that Joseph Allaham, as leader of the PHG, has the authority to: "(i) fire and hire [restaurant employees], (ii) determine [restaurant employees'] rate and method of pay, (iii) determine [restaurant employees'] work schedules, and (iv) otherwise affect the quality of employment" at the restaurants. *Id.* ¶ 10. Agudelo further claims that the restaurants accept a common gift card and interchange staff. *Id.* ¶ 9. Defendants, albeit unintentionally, provide information in their brief to suggest a common plan or policy among the restaurants. Defendants note that the three restaurants employ the same payroll provider, note a common cause for past wage violations, and retained the same legal counsel to defend a 2010 wage-related lawsuit. Defs.' Opp'n 4–5.

**III.     Defendants' argument in opposition to Conditional Collective Action Certification**

Defendants expend greater energy to challenge Agudelo's allegations of FLSA violations than Agudelo's allegations of a common policy or plan. "[T]he standard in this circuit is clear; the merits of plaintiffs' claims are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008). Defendants largely ignore Agudelo's allegations of common management and pay practices. In fact, Defendants oppose Agudelo's motion for preliminary collective certification by filing a motion for summary judgment in their favor; a motion that I do not reach in this Opinion and Order.

   A.     *Overtime Wages*

Defendants dispute Agudelo's allegations of miscalculated overtime wages. Defendants claim that Agudelo never worked more than a 40-hour week during his time at Solo or The Prime Grill. Defs.' Opp'n 9; *see* Menegis Decl. Ex. I. As to the potential of a collective action, Defendants first claim that, of the restaurants, only The Prime Grill and Solo are open for two meals and regularly require employees to work overtime. Defs.' Opp'n 4. Prime Ko serves only dinner; the need for overtime labor there could arise only during the few occasions when the restaurant hosts a special catered event. *Id.* at 5. Second, Defendants concede that overtime compensation was miscalculated in the past but assert that the calculation has been correct since

4

May 20, 2010. *Id.* at 5.[2] It was on or around that time that The Prime Grill and Solo settled a class action lawsuit brought by employees for wage violations. *Id.* Defendants assert that since the settlement, referred to by Defendants as the *Manfredi* settlement, The Prime Grill and Solo have been diligent about paying their employees an accurate wage. *Id.* To that end, Defendants highlight the change in payroll service provider from ADP, the provider that miscalculated overtime wages, to Paychex, "which corrected the [wage calculation] problem." *Id.* at 4–5. Defendants claim that Agudelo's allegations as against Prime Ko are without merit; Prime Ko opened in May 2010 and "[g]uided by the employment/labor firm of Jackson Lewis, defendant . . . Prime Ko made none of the [wage-related] mistakes previously made by its codefendants at Solo and The Prime Grill." *Id.* at 4. Third, Defendants assert that Agudelo's claims of wage violations prior to May 20, 2010, are collaterally estopped because of the *Manfredi* settlement. To support these claims, Defendants attach as exhibits year-to-date payroll records noting aggregate employee overtime hours and wages. *See* Menegis Decl. Exs. C–E. Defendants allege that these exhibits prove that overtime wages are accurate and in accordance with the FLSA. Defs.' Opp'n 5–6.

   B.   *Tip Credit & Minimum Wage*

Defendants challenge Agudelo's allegations of improper application of a tip credit against employees' hourly wages. As to the improper pooling of tips, which would negate Defendants' valid use of a tip credit, Defendants assert that Agudelo's allegations are insufficiently developed and note his failure to provide a date range of alleged infractions or the name of a manager or other non-tipped employee that participated in a tip pool. *Id.* at 6–7. Defendants include tip sheets from The Prime Grill and Solo from May 19, 2010, onward that allegedly demonstrate that only tipped employees participated in the pool. *Id.* at 8; *see* Menegis Decl. Exs. F–G. As to the notice of the tip credit, Defendants claim that all employees knew of the restaurants' practice because employees: "(1) had it explained by their managers years ago; (2) received class notices and settlement money on account of the tip credit and tip pool claim in the *Manfredi* case[;] and (3) each received specific written notice . . . on or about February 8, 2011 . . . ." Defs.' Opp'n 10; *see* Menegis Decl. Ex. H.

---

[2] I note that in their Reply Brief in Support of their Motion for Summary Judgment, Defendants concede that the hourly overtime rate calculations used by Defendants' payroll company during this time were in fact incorrect; however, Defendants claim that these errors actually resulted in a greater overtime rate paid to employees than was required by law. Defs.' Reply Supp. Mot. Summ. J. 2–3.

C.  *Common Policy and Plan*

Defendants indirectly deny that a common policy or plan exists among the restaurant defendants. Defendants do not challenge Agudelo's allegations either that the restaurants are under the control of Allaham or that the restaurants utilize a common pay policy. Instead, Defendants write only to discredit Agudelo's attempt to frame the restaurants as a single employer through the PHG and its website. Defs.' Opp'n 7. "The website and its promotions are market-based not employment or management based." *Id.* "Prime Hospitality Group is not a corporation, a limited liability company or an assumed name; it is clearly not an employer or manager and it is relatively new and unrelated to the issues in this case." *Id.* Aside from this line of opposition, Defendants aver little more to rebut Agudelo's allegations of common management or pay policies between the restaurant defendants.

## Conclusion

For the foregoing reasons, Agudelo's motion for conditional certification is GRANTED. Agudelo may issue his proposed notice with the changes I have made below (attached) but shall first translate the notice into Spanish and make both versions available. The Clerk of the Court is directed to close this motion (ECF No. 11) and remove it from my docket.

**SO ORDERED.**

Date: 11/5/12
New York, New York

HAROLD BAER, JR.
**United States District Judge**

## NOTICE OF PENDENCY OF FLSA LAWSUIT

From: Lee Litigation Group, PLLC, Attorneys at Law

To: All non-exempt employees (including all tipped employees, runners, busboys, delivery people, food preparers, porters, stock persons and hostesses) employed by E & D LLC d/b/a The Prime Grill NY, JA Restaurant Management, LLC d/b/a Solo, Broadway 21 LLC d/b/a Prime KO Japanese Steakhouse and Joseph Allaham (together, "Defendants")

Re: Notice of lawsuit against Defendants pursuant to the federal Fair Labor Standards Act encaptioned *Agudelo v. E & D LLC et al*, United States District Court, S.D.N.Y., Index No. 12-cv-0960.

The purpose of this Notice is to advise you that Jefferson Agudelo, Defendants' former employee, has filed a putative class action against Defendants, in which he alleges several claims under the federal Fair Labor Standards and to advise you of the legal rights you have in connection with that suit.

1. DESCRIPTION OF THE LAWSUIT.

Jefferson Agudelo ("Class Representative"), filed this lawsuit against Defendants on February 7, 2012. The law firm of Lee Litigation Group, PLLC represents the Class Representative in this lawsuit.

The Class Representatives filed this lawsuit pursuant to the federal Fair Labor Standards Act and alleges primarily that Defendants failed to pay non-exempt employees (i) their minimum wage and (ii) overtime compensation.

2. YOUR RIGHT TO MAKE A CLAIM [define] IN THIS LAWSUIT.

If you worked as a (non-exempt employee) for Defendants at any time between February 7, 2009 to the present and you believe that you may be able to assert any of the claims described above, you have the right to participate in this lawsuit.

To participate in the lawsuit you must sign a written Consent form. This form will be filed in the Court. It is entirely your own voluntary decision whether or not to sign and file the consent. Please be advised that Defendants cannot retaliate against you if you do complete the attached Consent form and thus make a FLSA claim.

3. HOW TO MAKE A CLAIM IN THIS LAWSUIT.

Attached to this Notice is a form entitled "Consent to Sue Under Federal Fair Labor Standards Act (FLSA)." In order to make an FLSA claim in the lawsuit, fill out the form, sign it, and deliver before ~~[3 months after mailing date]~~ December 15, 2012, via email, fax, mail or overnight mail to:

> C. K. Lee, Esq.
> Lee Litigation Group, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10016
> 212-465-1180
> 212-465-1181 (fax)
> Email: cklee@leelitigation.com

If you sign and mail the form, it will be filed with the court and you will become a "party plaintiff." The law firm of Lee Litigation Group, PLLC currently represents the Class Representatives. You have the right to allow Lee Litigation Group, PLLC to represent your interests in the lawsuit or to choose your own counsel. If you choose to allow Lee Litigation Group, PLLC to represent you in the lawsuit then you will be subject to the attorneys' fee arrangement that the Class Representatives entered into with Lee Litigation Group, PLLC which provides that Lee Litigation Group, PLLC is handling this matter on a contingency basis, i.e., that the attorneys' fees and costs will be determined on a percentage basis based on the recovery on behalf of Plaintiff and that Plaintiff will not be responsible for fees and/or costs if there is no recovery for the Plaintiff. The agreement further provides that in the event that the Class Representatives prevail on their claims at the conclusion of the case, Plaintiff' counsel will make an to an application to the Court for ~~the recovery of~~ fees and costs, that the Court has discretion ~~of the~~ amount of fees to award, and that the fees may be as much as 33 1/3% of any settlement fund or judgment, after the deduction of costs and expenses.

Also enclosed is a form entitled "Client Information." It is to enable these attorneys to contact you. To furnish this information to Lee Litigation Group, PLLC, fill out the form and mail it to the attorneys at the above address.

For your convenience, a self-addressed postage paid envelope is enclosed. If you have any questions with respect to the suit, you may call C.K. Lee, Esq., phone number: (212) 465-1180.

4.   THE LEGAL EFFECT OF FILING OR NOT FILING THE CONSENT FORM.

If you do not file a consent form, you will not receive any money or other relief for FLSA claims in the lawsuit. If you do file a consent form, you will be bound by the judgment of the court on all FLSA issues in this case, win or lose. You are free, if you do not file a consent form, to hire your own lawyer and file your own lawsuit. The time to bring federal wage and hour claims is limited by a two- or three-year statute of limitations.

5.   ALTHOUGH THE COURT HAS APPROVED THE SENDING OF THIS NOTICE, THE COURT EXPRESSES NO OPINION ON THE MERITS OF THIS LAWSUIT.

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE,

*If you have questions you may call ex the Lee Litigation firm listed below - at 212 465 1180*

Date: _____

C. K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
212-465-1180 (tel)
212-465-1181 (fax)

CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by E & D LLC d/b/a The Prime Grill NY, JA Restaurant Management, LLC d/b/a Solo, Broadway 21 LLC d/b/a Prime KO Japanese Steakhouse and Joseph Allaham and/or related entities/ individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case.

_____
Full Legal Name (Print)


_____
Signature


_____
Date

---

In order to make an FLSA claim in the lawsuit, fill out this form, sign it, and deliver before ~~3 months after mailing date~~ via email, fax, mail or overnight mail to: December 15, 2012

    C. K. Lee, Esq.
    Lee Litigation Group, PLLC
    30 East 39th Street, Second Floor
    New York, NY 10016
    212-465-1180
    212-465-1181 (fax)
    Email: cklee@leelitigation.com

CLIENT INFORMATION

NAME: _____

ADDRESS: _____

_____

_____

_____

TELEPHONE: (W)_____
(H)_____
(M)_____

---

In order to make an FLSA claim in the lawsuit, fill out this form, sign it, and deliver before [2 ~~months after mailing date~~] via email, fax, mail or overnight mail to:

C. K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
212-465-1180
212-465-1181 (fax)
Email: cklee@leelitigation.com

*December 15, 2012*