UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERSON AGUDELO, on behalf of himself,  :
FLSA collective plaintiffs, and the class,          :
                Plaintiff,                       :
                                                                  :      12 CV 960 (HB)
             - against -                          :
                                                                  :      **MEMORANDUM ORDER**
E & D LLC d/b/a The Prime Grill NY,              :
JA RESTAURANT MANAGEMENT, LLC       :
d/b/a Solo, BROADWAY 21 LLC d/b/a Prime    :
Ko Japanese Steakhouse, and JOSEPH          :
ALLAHAM,                                                    :
                Defendants.                    :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Before me are the parties' joint motion for settlement approval and Plaintiffs' counsel's application for attorney's fees. Plaintiff Jefferson Agudelo brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). For the reasons stated below, the proposed settlement is approved. Plaintiffs' counsel is also awarded $15,000 in attorney's fees and costs.

## BACKGROUND

      On November 15, 2012, I granted Plaintiffs' motion for conditional certification and court-authorized notice to potential collective members under the FLSA. And on December 11, 2012, I denied Defendants' motion for summary judgment. Familiarity with those opinions and orders is assumed. After notice was issued, Nirmal Ray Chaudhury and Salim Mohammad Shahriar joined this action as additional plaintiffs (collectively with Agudelo, "Plaintiffs").

      The parties agreed to settle Plaintiffs' claims for $30,000. According to the parties, this figure "represents . . . 100% each of the Plaintiffs' potential back wages, as reflected by their payroll and time records, and a reasonable compromise on matters requiring a trial to resolve." (Joint Mem. at 2.). According to the parties, those matters requiring trial appear to include disputes over the proper application of tip credits, tip pooling with nontipped employees, shift-spread and split-shift violations, and undocumented overtime work. We cannot be sure to what extent if at all those matters "requiring a trial to resolve" as noted above were included in the settlement figure. No payroll records were produced. Defendants agree only that $30,000 will be the sum total of their liability, with attorney's fees to be apportioned from that amount. Defendants otherwise take

1

no position on Plaintiffs' counsel's fees. In turn, Plaintiffs' counsel requests that I approve $19,680.96 in attorney's fees, costs, and expenses—65.6 percent of the total settlement. Counsel asserts that this is a significant discount from the $58,541 Plaintiffs would have owed based on counsel's quoted hourly rates.

## DISCUSSION

### A. The Settlement Agreement

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve *bona fide* disputes." *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). Here, the parties' settlement fixes Defendants' total exposure and leaves Plaintiffs' counsel to petition the Court for allocation of attorney's fees within the same dollar amount. Given the motion practice in this case, I have no doubt that this settlement "was the result of litigation and arm's-length negotiation." *Johnson*, 2011 WL 4357376, at *12. As to potential tip-credit, split-shift, and shift-spread violations, Plaintiffs acknowledge the risks of proceeding to trial on these issues given the lack of clear documentary evidence. While the settlement reflects a compromise as to those issues, the compromise appears reasonable under the circumstances and I approve its terms.

### B. Attorney's Fees

I next consider Plaintiffs' counsel's unopposed request for attorney's fees. When assessing the reasonableness of the hourly rates charged, "the court may consider the prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 596 (S.D.N.Y. 2012) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). Courts also look to the percentage of the fund method to determine attorney's fees. In labor law cases such as this, "a fee that is one-third of the fund is typical." *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012).

Counsel bases their 65.6 percent fee request on an arbitrary discount from their claimed hourly rates. But here, not only is the percentage claimed higher than that normally granted in FLSA-NYLL cases, but counsel's quoted rates also are much higher than the prevailing rates in this district. I begin with lead counsel C.K. Lee's rates. At $550 per hour, his quoted rates are disproportionately large compared to the rates charged by comparable employment law attorneys. Indeed, just three years ago Lee's services merited only "a rate of $350 per hour" in an FLSA case.

2

*Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010). While Lee certainly has obtained more experience in the intervening years, his rates should not exceed those of comparable attorneys in the field. A reasonable rate for Lee's services is thus $350 per hour. Next, as counsel Anne Seelig's quoted rates at $350 per hour are also higher than rates charged by similar attorneys. *See id.* at *3 ($250 to $350 per hour spread for attorneys with ten years' experience). Seelig has nine years of employment litigation experience. But as the second-most senior attorney on the team, Seelig's rates are appropriately reduced to $250 per hour. And with only three years' experience, Shin Hahn's quoted rates at $250 per hour should not be on par with an attorney with over twice her experience. I see no reason to deviate from the market rate for the services of comparable junior associates—$200 per hour. *See Saunders v. City of N.Y.*, No. 07 Civ. 830, 2009 WL 4729948, at *4, 8 (S.D.N.Y. Dec. 9, 2009). Finally, Cristina Wu's work as a paralegal on this case should be at the more reasonable rate of $100 per hour. *See Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012).

      An examination of counsel's timesheets also reveals that the most experienced attorneys with the highest rates performed the bulk of the work. In this relatively straightforward FLSA-NYLL case, staffing the case in such a manner warrants an across-the board adjustment in the number of hours billed. *See Gurung*, 851 F. Supp. 2d at 598 (across-the-board reduction warranted as "a practical means of trimming fat from a fee application" (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987))); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 372 (S.D.N.Y. 2005) (across-the-board reduction warranted where "timesheets indicate that tasks were performed by individuals more qualified, and therefore more highly compensated, than necessary"). At 58.9 hours, Lee billed considerably more hours than any other attorney on the team, despite his high quoted rates. And many of the tasks for which he billed should have been delegated to more junior attorneys. Such delegable tasks include initial drafting of the complaint, corresponding with opposing counsel, reviewing discovery, and drafting correspondence with the Court.

      The sheer number of attorney-hours billed is also excessive, due to attorneys billing for both paralegal-type work and noncompensable, clerical tasks. Such billing practices also warrant a reduction in hours. *See Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr.*, No. 04 Civ. 2666, 2008 WL 4925020, at *2 (S.D.N.Y. Nov. 10, 2008) (taking into account "attorney hours billed for the performance of paralegal-type work"). And "[e]ven paralegal work . . . is not compensable if it is purely clerical" as such costs are "subsumed into an attorney's overhead expenses." *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009).

Noncompensable clerical work includes downloading documents, transmitting correspondence, and filing. *Id.* Here, despite her status as the second-most senior attorney, Seelig billed for "download[ing], print[ing] and review[ing] attachments" to an email, "assort[ing] exhibits [and] prep[ping] copies" of documents for ECF filing, "print[ing] out all emails with the attachments of schedules," and "review[ing] and summariz[ing] Judge Baer's pretrial procedures [and] calendar deadlines." Given Seelig's high hourly rates, a reduction in her billed hours is warranted for these tasks. Similarly, despite being a paralegal, I also reduce Wu's hours based on noncompensable clerical work, such as "organiz[ing] files," "organiz[ing], cop[ying] and record[ing] the discovery production," and sending correspondence. Finally, Hahn's timesheets also reflect this type of overbilling. For example, she billed for "help[ing] CKL with finding the Exhibits to DFs' Rule 56.1 statement," a menial task that is not appropriately billed to the client.

Rather than making minute-by-minute deductions, to remedy these billing practices I instead reduce all of counsel's time charges by 50 percent. *See Gurung*, 851 F. Supp. 2d at 598 (reducing hours by 25 percent); *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, No. 05 Civ. 10100, 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing fees by 75 percent). Applying these discounts, counsel's lodestar is $19,297.50. But at 64.3 percent, this reduction still results in a disproportionately high percentage of the fund allocated to attorney's fees. *See Febus*, 870 F. Supp. 2d at 340 (typical percentage is 33 percent in wage and hour class actions). Nevertheless, because a 33 percent award is not mandated and given the importance of compensating counsel in cases such as this, I award $15,000 in attorney's fees and costs. I urge counsel and his colleagues at the employment law bar to focus on the fact that the FLSA and related legislation were enacted to help disadvantaged employees, not their lawyers.

## CONCLUSION

For the foregoing reasons, the proposed settlement is approved. Defendants must pay $30,000 under the settlement. As I reduced attorney's fees from the requested $19,680.96 to $15,000, the remaining $4680.96 is to be distributed pro rata among Plaintiffs. *See Faican v. Rapid Park Holding Corp.*, No. 10 Civ. 1118, 2010 WL 2679903, at *2 (S.D.N.Y. July 1, 2010) (after reducing attorney's fees, distributing difference pro rata to the class).

SO ORDERED.

Date: 4/4/13
New York, New York

HAROLD BAER, JR.
United States District Judge

4